MRS. MARY STRICKLAND, GEORGE STRICKLAND AND WIFE, LEE STRICKLAND; HERMAN STRICKLAND AND WIFE, LILLIAN STRICKLAND; GARLAND STRICKLAND AND WIFE, FLORA STRICKLAND: MAJOR STRICKLAND AND WIFE, LUCILLE STRICKLAND; BESSIE STRICKLAND (UNMARRIED); CALLIE STRICKLAND (UNMARRIED): MARY S. REGISTER AND HUSBAND, B. R. REGISTER; EFFIE S. ADAMS AND HUSBAND, BRAXTON ADAMS; ESSIE S. HOWELL AND HUSBAND, B. D. HOWELL; MAYBELLE S. PRICE AND HUSBAND, SIMPSON PRICE; KATIE S. CREECH AND HUSBAND, ROBERT CREECH, v. LIZZIE KORNEGAY AND LAMONT KORNEGAY.

(Filed 2 November, 1955.)

**Trial § 5½—**

In a proceeding to establish the true dividing line between the lands of plaintiffs and the lands of defendants it was stipulated that the only question involved was the location of the true dividing line. *Held:* Neither party is entitled to raise the question of title in the action, the question of title being excluded from consideration by stipulation of the parties, and

therefore final judgment is conclusive as to the location of the dividing line, and also precludes the issuance in the action of restraining orders predicated upon after-judgment pleadings raising the issue of title.

APPEAL by defendants from *Morris, J.,* 18 April, 1955, Term, of WAYNE.

On appeal by defendants, the judgment of Judge Grady, entered in this cause at March Term, 1954, which established the true dividing lines between the lands of plaintiffs and of defendants and taxed the costs against defendants, was affirmed. *Strickland v. Kornegay,* 240 N.C. 758, 83 S.E. 2d 903.

Later, in the Superior Court, plaintiffs, by supplemental petition filed *in this cause,* alleged that defendants were trespassing upon lands within the lines of their boundary and interfering with corner markers, as located by Judge Grady's judgment. Upon said petition, plaintiffs obtained an *ex parte* temporary restraining order against defendants. Answering this petition, defendants denied plaintiffs' title to the land within said boundary, alleging ownership by defendants of a portion thereof by reason of adverse possession under known and visible lines and boundaries for the requisite statutory periods and alleging trespass by plaintiffs thereon and resultant damages. Upon said answer, defendants obtained an *ex parte* temporary restraining order against plaintiffs.

Upon consideration of these *after-judgment* pleadings and orders, Judge Morris ruled that "the question of title to the lands cannot be again put at issue in this action." Thereupon, he dissolved the restraining order issued against plaintiffs and restrained defendants from trespassing upon lands within the lines of plaintiffs' boundary as located by Judge Grady's judgment.

*J. Faison Thomson & Son and George R. Britt for plaintiffs, appellees.*
*Jones, Reed & Griffin for defendants, appellants.*

PER CURIAM. When this cause was before Judge Grady at March Term, 1954, it was stipulated that the only question for determination by the court was the location of the true dividing lines between the lands of plaintiffs and the lands of defendants. When Judge Grady's judgment was affirmed by this Court, this cause had been fully adjudicated. Thereafter, it was not permissible to litigate in this cause issues raised by *after-judgment* pleadings which might have been presented, but by stipulation were excluded from consideration, when the cause came on before Judge Grady for final hearing on the merits.

The location of the true dividing lines has been established. Whether plaintiffs or defendants are entitled to injunctive relief, and whether

defendants are estopped to raise now an issue as to plaintiffs' title, are questions for consideration upon pleadings and evidence in an appropriate independent action.

The judgment of Judge Morris, in so far as it denies to defendants the right to raise now in this cause an issue as to plaintiffs' title and denies injunctive relief against plaintiffs, is affirmed; but said judgment is modified by striking therefrom the order for injunctive relief against defendants. In short, Judge Grady's judgment remains the final judgment in the cause. As so modified, the judgment of Judge Morris, which relates solely to the *after-judgment* proceedings, is affirmed. The costs on this appeal are taxed, one-half against plaintiffs and one-half against defendants.

Modified and affirmed.